**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4333**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

TRAVIS JERMAINE WRIGHT,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-00967-JFA-1)

───────────

Submitted:  October 28, 2011      Decided:  November 3, 2011

───────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

───────────

Langdon D. Long, Assistant Federal Public Defender, Megan
Moricle, Third-year Law Student, Columbia, South Carolina, for
Appellant.  Robert Frank Daley, Jr., Assistant United States
Attorney, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Jermaine Wright pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute 5 grams or more of crack cocaine and possession of a weapon in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) and 21 U.S.C. § 841(a)(1) (2006), and was sentenced to a total term of 120 months imprisonment. Wright noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Wright's guilty plea and whether Wright's sentence was reasonable. Wright has filed a pro se supplemental brief in which he challenges the initial car stop and the search incident to his arrest.

We have reviewed the transcript of Wright's guilty plea hearing and find that the district court fully complied with the mandates of Rule 11. The court ensured that Wright understood the charges against him, the potential sentence he faced, and the rights he was giving up by pleading guilty. See United States v. DeFusco, 949 F.2d at 116 (4th Cir. 1991). Moreover, Defendant entered his plea knowingly and voluntarily, and the plea was supported by a sufficient factual basis. Id. at 19-20.

2

To the extent Wright seeks to raise a Fourth Amendment challenge to the initial car stop which led to his arrest, his valid guilty plea waives all nonjurisdictional antecedent defects, including constitutional challenges to the pretrial proceedings. See Menna v. New York, 423 U.S. 61, 62-63 n.2 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973). We therefore affirm Wright's conviction.

The Government has filed an unopposed motion to vacate Wright's sentence and remand for resentencing in accordance with the Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372 ("FSA"). In light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we consider it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter in the first instance.[*]

We therefore affirm Wright's conviction, grant the consent motion to vacate his sentence, and remand to the district court for resentencing. This court requires that counsel inform Wright, in writing, of the right to petition the Supreme Court of the United States for further review. If

---

[*] In light of this disposition, we decline to address counsel's challenge to the procedural reasonableness of Wright's sentence.

3

Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wright. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED